FILED
2024 Feb-29  AM 09:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **Trenton Garmon,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **vs.** } | **Case No.:** |
| } | |
| **IBT Media, doing business as** } | |
| **"Newsweek,"** } | **Removed From** |
| } | **Etowah County** |
| **Newsweek Magazine, doing business as** } | **Circuit Court** |
| **"Newsweek,"** } | **31-CV-2024-004** |
| } | |
| **Harriet Sinclair, Individually & as** } | |
| **Agent of Newsweek,** } | |
| } | |
| **Fictitious Parties 1-3,** } | |
| } | |
| **Defendants.** } | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Newsweek Digital, LLC, incorrectly sued herein as "Newsweek Magazine" ("Newsweek" or "Defendant"), by and through undersigned counsel, hereby removes the above-titled matter to this Court from the Circuit Court of Etowah County, Alabama, in and for the Sixteenth Judicial Circuit, where it is currently pending as Case No. 31-CV-2024-004.  In support of this removal, Defendant states as follows:

1.     On January 18, 2024, Plaintiff Trenton Garmon ("Garmon" or "Plaintiff") filed a complaint (the "Complaint") in the Circuit Court of Etowah

1

County, Alabama, in and for the Sixteenth Judicial Circuit.  That action is captioned *Garmon v. IBT Media et. al.* and docketed in the State Court as Case No. 31-CV-2024-004 (the "State Court Action").

2.    In the Complaint, Plaintiff alleges that Defendant published an article on its website, www.newsweek.com, titled "Roy Moore's Attorney says It's Not a 'Bad Thing' to Have Sex With Girls in Other Countries." Compl. ¶ 7; *see also* Harriet Sinclair, "Roy Moore's Attorney says It's Not a 'Bad Thing' to Have Sex With Girls in Other Countries," NEWSWEEK, Nov. 17, 2017, *available at* https://www.newsweek.com/roy-moore-attorney-tv-host-dating-minors-712682 (the "Article").

3.    The Article is a summary of an MSNBC news broadcast of hosts Ali Velshi and Stephanie Ruhl interviewing Plaintiff (the "Interview").  Compl. ¶ 7, Ex. 1; *see gen.* Article.

4.    Plaintiff alleges that the Article's headline is an "'outragous' [*sic*] claim," "patently false," and unsupported by the Interview. Compl. ¶¶ 6–7. He further asserts that he opposes the "child marriage" behavior implied in the Article as a Christian, and the Article falsely imputes "the actual belief system of Ali Velshi and his family's faith" to Plaintiff.  *Id.* ¶¶ 11–12.

5. Plaintiff claims that Defendant's actions constitute defamation, *id.* ¶¶ 9–33, the tort of outrage, *id.* ¶¶ 34–40, and a violation of the Communications Decency Act, *id.* ¶¶ 41–45.

6. The Complaint seeks $3,500,000 U.S. in compensatory damages, unspecified punitive damages, and injunctive relief. Compl. 7–9, 11–12.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A.** True and correct copies of all other filings in the State Court Action are attached hereto as **Exhibit B.**

8. Plaintiff served Defendant as "Newsweek Magazine" by certified mail on January 30, 2024.

9. To date, according to the State Court docket and to undersigned counsel's knowledge, defendants "IBT Media" and Harriet Sinclair have not been served with process.

10. Defendant has not yet responded to the Complaint.

11. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Thirty days from January 30, 2024, is February 29, 2024. This Notice of Removal is being filed on February 28, 2024, which is therefore timely under 28 U.S.C. § 1446(b)(1).

## <u>REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1332, 1441 and 1446</u>

12.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and all Defendants and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

13.    Plaintiff alleges that he resides in the State of Alabama and is a citizen of the State.  Compl. ¶ 1.

14.    Newsweek is a limited liability company organized under the laws of the State of New York, with its principal places of business in New York.  Newsweek has a single member:  NW Media Holdings Corp.  NW Media Holdings is a New York corporation, with a principal place of business in New York.

15.    Accordingly, for diversity purposes, Newsweek is a citizen of New York. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

16.    IBT Media, Inc., erroneously sued as "doing business as 'Newsweek,'" is a New York corporation with its principal place of business in New York, New York.  Accordingly, for diversity purposes, IBT Media is a citizen of New York.  28 U.S.C. § 1332(c)(1).

4

17.    IBT Media, Inc. and Newsweek are independent companies.  IBT Media, Inc. divested its ownership interest in Newsweek on September 14, 2018.

18.    Defendant Sinclair is no longer employed by Newsweek.  Sinclair is an individual whose last known domicile was London, United Kingdom.

19.    Accordingly, there is complete diversity of citizenship between Plaintiff, who is a citizen of the Alabama, and all Defendants, who are citizens of the State of New York or the United Kingdom.

20.    The amount in controversy also exceeds the sum or value of $75,000, exclusive of interests and costs.  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), and "a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover the amount claimed." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002).

21.    In his Complaint, Plaintiff seeks compensatory damages of $3,500,000 U.S.  Compl. 8, 9, 11.  He also seeks unspecified punitive damages. *Id.* ¶ 31; *see also Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (recognizing that claims seeking unspecified damages, such as punitive damages, presumptively exceed $75,000).

22.     Although Defendant does not concede that Plaintiff is entitled to compensatory or punitive damages of any amount, a plain reading of Plaintiff's complaint demonstrates that the amount in controversy exceeds $75,000.

## PROCEDURAL REQUIREMENTS

23.     In accordance with the provisions of 28 U.S.C. § 1441, *et seq.,* this Notice of Removal is being filed in the United States District Court for the Northern District of Alabama, Middle Division, which is the judicial district in which the state court action was filed.

24.     The United States District Court for the Northern District of Alabama, Middle Division, encompasses the Circuit Court of Etowah County, Alabama.  28 U.S.C. § 81(a)(6).  Venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

25.     Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy is being filed with the Clerk of the State Court.

26.     Because Defendants IBT Media and Sinclair have not been served in this action, their consent to removal is not required.  *See* 18 U.S.C. § 1446(b)(2)(A) ("[A] all defendants who have been properly joined *and served* must join in or consent to the removal of the action.") (emphasis added); *Coile v. Utica Mut. Ins. Co.*, 2005 WL 8158777, at *2 (S.D. Ala. June 24, 2005) (recognizing the consent for removal from defendants who have not been served is not required).  Pursuant to 28

U.S.C. §1446 (b)(2), all Defendants who have been served consent to the removal of the action.

27.    By removing this action, Defendant does not admit any of the allegations in the Complaint.  Indeed, Defendant expressly denies all claims, liability and damages asserted in the Complaint.

28.    This removal is made without any waiver of any defects in procedure, defenses, or affirmative defenses, including those provided under Fed. R. Civ. P. 12, or the Defendant's right to move for dismissal on substantive or procedural grounds, of any cause of action asserted in the Complaint.

**WHEREFORE,** Defendant Newsweek Digital, LLC hereby removes this civil action from the Circuit Court of Etowah County, Alabama, in and for the Sixteenth Judicial Circuit to the United States District Court for the Northern District of Alabama.

Dated:  February 28, 2024

Respectfully submitted,

/s/*Harlan I. Prater, IV*
Harlan I. Prater, IV
hprater@lightfootlaw.com
Gabriel Dowdell
gdowdell@lightfootlaw.com
LIGHTFOOT, FRANKLIN &
WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, AL 35203-2300
Tel.: (205) 581-0700
Fax: (205) 581-0799

7

Sara Tesoriero (*pro hac vice forthcoming*)
sara@stracherlaw.com
CAMERON STRACHER, PLLC
51 Astor Place, 9th Floor
New York, NY 10003
Tel.: (646) 992-3850
Fax: (646) 992-4241

# CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice of such filing to all counsel of record, and that a copy was served via U.S. Mail to the following:

Trenton Garmon
75 Arling Place
Gadsden, AL 35901

/s/*Harlan I. Prater, IV*
Of Counsel